IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DIANE E. MATHER,<br><br>    Plaintiff,<br><br>    vs.<br><br>TERRITORIAL SAVINGS BANK, a federal savings bank; WAYNE K.D. Mau, an individual; and EDWIN C. NACINO, an individual,<br><br>    Defendants. | CIVIL NO. 14-00391 DKW-BMK<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE** |

**ORDER GRANTING DEFENDANTS' MOTIONS TO
DISMISS WITH PREJUDICE**

Mather has filed yet another complaint in this Court on the heels of having judgment entered against her in state judicial foreclosure proceedings. Because the instant complaint effectively seeks review and readjudication of the state foreclosure action, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. Consequently, the complaint is dismissed without leave to amend.

**BACKGROUND**

The parties have an extensive litigation history that need not be recounted in detail. That history includes state foreclosure proceedings previously addressed in

this Court's dismissal of an earlier complaint by Mather. *See Mather v. Territorial Savings Bank, et al.*, CV No. 14-00082 DKW-RLP, Dkt. No. 50 (dismissing Mather's complaint and denying leave to amend).

In short, Territorial Savings Bank ("TSB") made a loan to Mather on September 23, 2009 in exchange for a mortgage on the property at 1348 Wanaka Street, Honolulu, Hawai'i ("Wanaka property"). After Mather failed to make payments on the loan, TSB initiated a foreclosure action in early 2014, and final judgment was entered in that action against Mather. The sale of the property, pursuant to the judicial foreclosure process, closed on April 28, 2014. Wayne Mau was TSB's counsel during the state foreclosure action and Judge Edwin Nacino presided over that action.

Although each defendant has filed a separate motion to dismiss Mather's present complaint and included different bases for dismissal, all defendants agree that the Court lacks subject matter jurisdiction. Because the Court sees it the same way, the complaint is dismissed with prejudice.

## **STANDARD OF REVIEW**

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

2

**DISCUSSION**

Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court. "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

In this Court's dismissal of Mather's complaint in CV No. 14-00082 DKW-RLP (which also involved, among others, foreclosure of the same Wanaka property), the Court denied Mather leave to amend her complaint to add new

claims, including a claim for due process violations under both the U.S. and Hawai'i constitutions. The Court held that amendment would be futile because those claims would be barred by *Rooker-Feldman*. CV No. 14-00082 DKW-RLP, Dkt. No. 50.

Undeterred, Mather seeks in this action to assert, in part, the same due process claims that she was denied leave to file in CV No. 14-00082 DKW RLP. In addition, she alleges that TSB did not have standing to bring the foreclosure action, that Mau perpetrated fraud in representing TSB and bringing a false foreclosure claim against Mather, that Judge Nacino "compounded the fraud" by finding in TSB's favor, and consequently, that "[t]he judgment in state court is void for the court[']s lack of subject matter jurisdiction for violation of due process . . . ." Complaint ¶¶ 7–19.

As the Court determined in CV No. 14-00082 DKW-RLP, Mather is effectively seeking this Court's review of the state court foreclosure action. However, this Court may not exercise appellate jurisdiction over state court decisions. Similar to her claims in the previous action that also involved the foreclosure on the Wanaka property, Mather's claims again directly challenge the state foreclosure action. The Court is without jurisdiction to act upon such a request because it is squarely in violation of *Rooker-Feldman*.

The Court recognizes that *Rooker-Feldman* does not apply to a constitutional challenge that does not require review of a final state court decision. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Mather's due process claim, however, is not such a case. Under the *Rooker-Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 222 (9th Cir. 1994) (quoting *Feldman*, 460 U.S. at 483–84 n.16). Here, Mather's due process claim is a direct challenge to the state court's determination in favor of TSB in the foreclosure action. It is therefore inextricably intertwined with the state foreclosure action and judgment.

Mather, in fact, recognized when she initiated this action that *Rooker-Feldman* could stand as a bar to the present complaint. However, she asserts that

> There are exceptions to the *Rooker-Feldman* doctrine when the state judgment *was procured through fraud, deception, accident or mistake* . . . . *Rooker-Feldman* will not apply when the party had no reasonable opportunity to raise his claim in state proceedings . . . . Exception to the *Rooker-Feldman* rule comes into play when the state proceedings are considered a legal nullity, and thus are void *ab initio*.

Complaint ¶¶ 2–3 (emphasis in original). The general principle stated by Mather is applicable in circumstances where "[a plaintiff] does not seek to set aside the judgments of the [state] courts . . . based on alleged legal errors by those courts

. . . . but instead seeks to set aside these judgments based on the alleged extrinsic fraud by defendants that produced those judgments." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). However, Mather asserts a legal injury committed by the state court in the foreclosure action and asks that the state foreclosure action be nullified because it violates her due process rights. *See* Complaint at 19 ("TSB's judgment is as bogus as a three dollar bill. This court has a non-discretionary duty to vacate the void judgment and compel TSB to return Mather's property."). *Rooker-Feldman* bars this Court from taking that action. *Clark v. Superior Court*, 2013 WL 6057498, at *2, (N.D. Cal. Nov. 14, 2013); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 641 (N.D. Cal. 2007).

Regardless, Mather has pled no facts in the complaint to support any allegation of fraud, and she cannot contend that in the foreclosure action or on appeal, she was unable to make the arguments she now asserts. Therefore, the Court additionally concludes that Mather's "allegations of . . . fraud are entirely unsupported and are nothing more than an artful attempt to plead around the *Rooker-Feldman* bar." *Copple v. Astrella & Rice, P.C.*, 442 F. Supp. 2d 829, 837 (N.D. Cal. 2006). Accordingly, the defendants' motions to dismiss are granted and the complaint is dismissed with prejudice as barred by *Rooker-Feldman*.[1]

---

[1] Even if the Court were to reach the merits of Mather's claims against Mau and Judge Nacino, those claims would be dismissed for failure to state a claim. Parties can seek relief under § 1983 against persons acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mather has also filed a motion to strike Judge Nacino's motion to dismiss. Dkt. No. 17. Curiously, Mather asserts that this Court does not have subject matter jurisdiction over the motion filed by the attorney general's office on behalf of Judge Nacino. Because the Court dismisses the complaint for lack of subject matter jurisdiction, Mather's motion to strike is denied as moot.

//

//

//

//

---

However, Mau is not a state actor and therefore is not subject to Mather's Section 1983 claims. *Briley v. State of Cal.*, 564 F.2d 849, 855–56 (9th Cir. 1977) (holding that a private attorney is not a state actor and does not act under color of state law for Section 1983 purposes).

Mather's claims against Judge Nacino similarly fail because Judge Nacino is protected by absolute judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Mather's claims against Judge Nacino are based solely on his judicial rulings in the state foreclosure action and are therefore barred by judicial immunity.

## CONCLUSION

The Court hereby grants defendants' motions to dismiss with prejudice. Dkt. Nos. 8, 10, 12.  The Court denies Mather's motion to strike as moot.  Dkt. No. 17.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  November 17, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Diane E. Mather v. Territorial Savings Bank, et al.; CV 14-00391 DKW/BMK; ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS WITH PREJUDICE