IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DIANE E. MATHER,<br><br>    Plaintiff,<br><br>  vs.<br><br>TERRITORIAL SAVINGS BANK, a federal savings bank; WAYNE K.D. Mau, an individual; and EDWIN C. NACINO, an individual,<br><br>    Defendants. | CIVIL NO. 14-00391 DKW-BMK<br><br>**ORDER DENYING PLAINTIFF'S RULE 60(b)(4) MOTION AND DENYING PLAINTIFF'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

**ORDER DENYING PLAINTIFF'S RULE 60(b)(4) MOTION AND
DENYING PLAINTIFF'S MOTION FOR FINDINGS OF FACT AND
<u>CONCLUSIONS OF LAW</u>**

On November 17, 2014, the Court dismissed Mather's complaint with prejudice. Mather now moves the Court to vacate that dismissal order as void under Fed. R. Civ. P. 60(b)(4). Because Mather has provided no basis to do so, the motion is denied.[1] Mather concurrently moves for findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a). Because Rule 52(a) expressly excludes a

---

[1]This motion is almost identical to the Rule 60(b)(4) motion that Mather previously filed in another matter before this Court, which the Court denied. *See Mather v. Territorial Savings Bank, et al.*, CV No. 14-00082 DKW-RLP, Dkt. No. 54 (D. Haw. Nov. 21, 2014). The reasoning for the denial of that motion applies equally in denying Mather's motion here.

dismissal order under Rule 12 from any requirement of issuing findings of fact and conclusions of law, Mather's motion to that effect is also denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides an "exception to finality" that "allows a party to seek relief from a final judgment . . . under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). Specifically, Rule 60(b)(4)—the provision under which Mather brings the instant motion—authorizes the Court to relieve a party from a final judgment if "the judgment is void."

"A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The list of such qualifying infirmities is "exceedingly short." *Id.* "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999); *accord Espinosa*, 559 U.S. at 271. "A judgment is not void, for example, simply because it is or may have been erroneous. Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270 (internal quotation marks and citations omitted). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the

sound discretion of the district court." *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

Mather demonstrates no reason for the Court to grant her post-judgment relief under Rule 60(b) or any other rule. She argues that this Court misinterpreted the law related to the application of the *Rooker-Feldman* doctrine in dismissing the complaint with prejudice. While such an alleged misinterpretation might serve as the basis of an appeal of the Court's order dismissing the complaint, it is not a basis to void a judgment under Rule 60(b)(4). *Espinosa*, 559 U.S. at 270.

Further, even if Mather's arguments were of the type necessary to provide a basis for post-judgment relief, the Court is not persuaded. Mather argues that relief is warranted because the *Rooker–Feldman* doctrine has been abolished. That is simply not the case. Indeed, Mather's complaint is *precisely* the type of case to which the Supreme Court has held the doctrine applies. In the case cited by Mather, the Supreme Court stated that the *Rooker–Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). No matter how frequently or vigorously she argues otherwise, this is such a case. Mather's complaint consisted

of claims that directly challenged the final judgment issued in the state-court proceedings and were therefore barred by the *Rooker–Feldman* doctrine.

Finally, Mather also moves for findings of facts and conclusions of law pursuant to Rule 52(a). However, that rule expressly provides that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). The Court's November 17, 2014 order decided Defendants' Rule 12 motions and ordered dismissal of Mather's complaint with prejudice. There was no need to issue findings of fact and conclusions of law in dismissing the complaint then, and the Court will not do so now.

## **CONCLUSION**

Mather's Rule 60(b)(4) motion (Dkt. No. 27) and Mather's motion for findings of fact and conclusions of law (Dkt. No. 28) are hereby denied.

IT IS SO ORDERED.

DATED: December 17, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Diane E. Mather v. Territorial Savings Bank, et al.; CV 14-00391 DKW/BMK; ORDER DENYING PLAINTIFF'S RULE 60(b)(4) MOTION AND DENYING PLAINTIFF'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW